UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT A. LANTZY,

    Plaintiff,

v.

    Case No. 2:20-cv-12338

    Paul D. Borman

ROSCOMMON COUNTY JAIL AND
ROSCOMMON COUNTY SHERIFF
DEPARTMENT,

    United States District Judge

    Defendants.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

Scott A. Lantzy, who is presently confined at the Roscommon County Jail, has filed a pro se civil rights Complaint. (ECF No. 1.) The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). (ECF Nos. 2, 3.) After careful consideration, the court summarily dismisses the Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for Plaintiff's failure to state a claim.

### I. Standard of Review

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such

1

relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II. Complaint

Plaintiff claims that he is an inmate at the Roscommon County Jail. He claims that in April 2020 he submitted a FOIA request to the jail that essentially requested any reports or other documents they had generated about him. Plaintiff asserts after the jail refused his request, he filed a FOIA complaint in the Roscommon Circuit Court, but someone at the jail told him the complaint was rejected. (ECF No. 1, Complaint.)

Plaintiff names the Roscommon County Jail and the Roscommon County Sheriff Department as Defendants. Plaintiff asserts that Defendants violated his state FOIA rights under Mich. Comp. Laws § 15.231, et seq. He seeks an order compelling Defendants to provide the requested materials and the maximum damage award allowed by Mich. Comp. Laws § 15.240(7). (*Id.*)

## III. Discussion

Plaintiff's Complaint is subject to summary dismissal for at least two reasons. First, neither the Roscommon County Jail nor the Roscommon County Sheriff Department are entities capable of being sued in a federal civil rights action. Section

1983 imposes liability on any "person" who violates an individual's federal constitutional or federal statutory rights. County jails and sheriff's departments are not legal entities amenable to suit under 42 U.S.C. § 1983. *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citations omitted); *see also Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007), *overruled on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007); *Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997); *Edwards v. Macomb Cnty. Jail*, No. 2:16-CV-11596, 2016 WL 2937146, at *2 (E.D. Mich. May 20, 2016).

Additionally, Plaintiff does not allege a violation of any federal right. The federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, applies to federal agencies, not state agencies. *Rimmer v. Holder*, 700 F.3d 246, 258 (6th Cir. 2012). Plaintiff's allegation that Defendants violated Michigan's Freedom of Information Act is not cognizable. Such state law violations do not provide a basis for relief under § 1983. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). The "[m]ere violation of a state statute does not infringe the federal Constitution." *Embody v. Ward*, 695 F. 3d 577, 581 (6th Cir. 2012) (citing *Snowden v. Hughes*, 321 U.S. 1, 11 (1944)).

## IV. Order

For the foregoing reasons, the Complaint is summarily **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS SO ORDERED**

<u>s/Paul D. Borman</u>
Paul D. Borman
United States District Judge

Dated: September 11, 2020